IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Latanya P. Allen, | ) | |
| | ) | |
| Movant, | ) | C.A. No.: 2:16-mc-470-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States Department of the Interior, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Movant Latanya Allen's motion to challenge the Government's access to her financial records (ECF No. 1). For the reasons set forth herein, Mrs. Allen's motion is denied.

## BACKGROUND & PROCEDURAL HISTORY

This action arises out the Government's investigation of Latanya Allen's husband, Michael Allen, who is an employee of the National Parks Service. According to the Government, Mr. Allen solicited honoraria payments as compensation for speaking engagements he performed as a National Parks Service employee, thereby illegally supplementing his salary in violation of 18 U.S.C. § 209. Mr. Allen uses the name Allen Consultant Firm when speaking to outside groups. According to the Government, that firm falls under the umbrella of a nonprofit entity run by Mrs. Allen.

The Government initially notified Mr. Allen that it planned to issue an administrative subpoena to South State Bank seeking production of his bank account records. The Government believed that the South State account was Mr. Allen's personal bank account because his government paychecks were direct deposited into it. Upon receipt of the notice, Mr. Allen challenged it on the grounds that the South State account was his wife's account and belonged

solely to her. As a result, the Government agreed to withdraw the proposed administrative subpoena. Then, on November 17, 2016, the Government sent Mrs. Allen a notice at her home address seeking records for her South State bank account that received Mr. Allen's government paychecks.[1] Mrs. Allen filed her motion challenging the proposed administrative subpoena on November 30, 2016, and the Government responded on December 13. Accordingly, this matter is now ripe for consideration.

## LEGAL STANDARD

A financial institution's customer "may file a motion to quash an administrative summons or judicial subpoena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request." 12 U.S.C. § 3410(a). The Court must deny the customer's motion if it finds "that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C. § 3410(c).

## DISCUSSION

Mrs. Allen presents only one argument in her motion. She claims that she is not a National Parks Service employee, she has no connection to the Department of the Interior, and therefore South State Bank cannot be compelled to produce her financial records. The Court disagrees. First, the Court finds that the law enforcement inquiry here is legitimate because, among other things, the Government has discovered that Mr. Allen allegedly solicited and received honoraria and other payments from outside groups for giving speeches as a National Parks Service employee. Mrs. Allen's bank records are relevant to that legitimate inquiry because Mr. Allen's government paychecks are regularly deposited into Mrs. Allen's bank

---

1. Mrs. Allen's relevant account is held in her name only. It is unclear whether she holds any other bank accounts at South State.

account. It is therefore reasonable to believe that any payments from outside groups would also be deposited in Mrs. Allen's account. Moreover, Mr. Allen's firm falls under the umbrella of Mrs. Allen's nonprofit organization, potentially making her account even more relevant to the Government's investigation. The Government states that it is not interested in any of Mrs. Allen's other accounts, only the one that receives Mr. Allen's government paychecks. Accordingly, because there is a demonstrable reason to believe that the Government's inquiry is legitimate and because Mrs. Allen's bank account is highly relevant to that inquiry, the Court concludes that Mrs. Allen's motion must be denied.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Mrs. Allen's motion to challenge the Government's access to her financial records is **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**December 28, 2016**
**Charleston, South Carolina**